UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>    PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>    ASSOCIATION, INC. INDUSTRY<br>    ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>    POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>    OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>7821 Bartram Avenue, Suite 102<br>Philadelphia, PA 19153,<br><br>                  Plaintiffs,<br><br>   v.<br><br>BUILDING RESTORATION, INC.<br>1025 Washington Lane<br>Rydal, PA 19046<br><br>                  Defendant. | CIVIL ACTION<br>NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Pension Plan ("Pension Plan").

5. Plaintiff Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Welfare Plan ("Welfare Plan"). The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" in the Labor Agreement(s) relating to this complaint.

6. Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (l), (2) and (3). The Apprenticeship Fund is also known as and

referenced as the "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC" and jointly with the IAP, "Associations") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Building Restoration, Inc. ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The ERISA Funds, Associations, and Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Plaintiff Bill Ousey ("Ousey" and together with the ERISA Funds, Associations, and Union, "Plaintiffs") is a fiduciary with respect to the ERISA Funds within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC and President and Business Manager of the Union,

with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the ERISA Funds, the PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12. Building Restoration, Inc. ("Company" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

13. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract and Company's signature page are attached collectively as Exhibit 1.

14. Defendant also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations. Ex. 1, Labor Contract, Art. VI, Section 1; Art. XI, Section 2; Art. XII, Section 2.

15. Under the Labor Contract or Trust Agreements and applicable law, Defendant is required:

    a. To make full and timely payments on a regular basis to the ERISA Funds, Union and Associations as required by the Labor Contract (Ex. 1, Labor Contract, Art. VI, Section 2; Art. XI, Sections 1, 3; Art. XII, Section 1; Art. XVII, Section 2; Art. XVII, Section 2; Art. XVIII, Section 2);

   b. To file monthly remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract (Ex. 1, Labor Contract, Art. XIII, Sections 2-3, 7);

   c. To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds, Union, and Associations (Ex. 1, Labor Contract, Art. XII, Section 11); and

   d. To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds, Union, and Associations to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c) (Ex. 1, Art. XII, Sections 5, 6).

 16. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANT**

 17. The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

 18. Defendant is obligated to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

 19. The amount of contributions and work dues Defendant is required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

20. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendant.

21. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

22. Defendant is required by the Labor Contract, Trust Agreement or applicable law to permit the ERISA Funds, Union, and Associations to audit the records and to cooperate in determining the contributions due Plaintiffs.

23. An audit of the Defendant's books and records for the period January 1, 2014, to present has not been completed because Defendant has refused to provide all of the necessary documents and information to the auditors as required by the Labor Contract, Trust Agreement, or applicable law.

24. The Plaintiffs have no adequate remedy at law because the calculation of any damages suffered as a result of the breach itself requires an audit.

25. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS
### v.
### DEFENDANT

26.     The allegations of Paragraph 1 through 25 are incorporated by reference as if fully restated.

27.     Defendant has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

28.     The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant delinquency since the books, records and information necessary to determine this liability are in Defendant's possession, custody, control or knowledge.

29.     The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against Defendant in favor of the ERISA Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and

costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANT**

30. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

31. Defendant has failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

32. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records and information necessary to determine this liability are in Defendant's possession, custody, control or knowledge.

33. The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Defendant in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this

action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

    (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

          Respectfully submitted,

          JENNINGS SIGMOND, P.C.

          BY: _/s/ Maureen W. Marra_____
          MAUREEN W. MARRA (ID No. 309865)
          1835 Market Street, Suite 2800
          Philadelphia, PA 19103
          (215) 351-0674
          Fax: (215) 922-3524
          mmarra@jslex.com / usdc-edpa-erisa@jslex.com

Date: July 23, 2018       Attorney for Plaintiffs